UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LENWARD P. HEBERT, et al. | CIVIL ACTION NO. 03-1739 |
| -vs- | JUDGE DRELL |
| RANDY MAXWELL, et al. | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is a motion for partial summary judgment (Doc. 97) filed by defendants Randy Maxwell and Jim Boyd, seeking dismissal of Lenward Hebert's "claims of emotional and mental damages." The defendants base their motion on limitations contained in 42 U.S.C. § 1997e and in La. R.S. § 15:1184(E). However, both of those statutes, by their plain terms, apply only to suits by persons who are prisoners at the time of filing. Accordingly, the motion is DENIED.

The statutes cited by the defendants, 42 U.S.C. § 1997e and La. R.S. § 15:1184, are similar in language, structure, and purpose. Both are entitled "Suits by prisoners"; both require exhaustion of administrative remedies by a prisoner before suit can be filed; and, most relevant to this case, both impose limitations on recovery for emotional distress and mental anguish where there is no physical injury. 42 U.S.C. § 1997e(e), part of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), provides: "No Federal civil action may be brought by a prisoner **confined** in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a

prior showing of physical injury." Id. (emphasis added). La. R.S. § 15:1184(E) provides: "No **prisoner suit** may assert a claim under state law for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id. (emphasis added).

The plain language of these statutes suggests that the limitations apply only to suits by current prisoners, not former prisoners, and the jurisprudence bears this out. Because the Louisiana statute is so similar to the federal statute, and because we can find no Louisiana cases on point, we rely on federal jurisprudence. That jurisprudence is fairly clear in this case, with perhaps the best opinion on point being Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001). After providing a lengthy and detailed examination of the reasons for its opinion, including the PLRA's legislative history, the Eleventh Circuit summarized:

> Because section 1997e(e) applies only to claims filed while an inmate is confined, it does not prevent a former prisoner from filing after release a monetary damages claim for mental and emotional injury suffered while confined, without a prior showing of physical injury. Accordingly, dismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released. Some, but not all, claims will be re-filed after the plaintiff is released, and more total effort may well be required to adjudicate those particular claims that are re-filed than if the section 1997e(e) bar did not exist. But the provision reflects Congress' belief that because of the difference in opportunity costs, a substantial number of such claims will not be re-filed after release and that will result in a significant net savings to the judicial system. That is the judgment Congress made about what the difference in opportunity costs between inmates and former inmates would mean, and it is the judgment underlying section 1997e(e).

216 F.3d at 979-980 (citations omitted).

We agree with <u>Harris</u> based on the plain language of the statutes relied on by the defendants and on the lack of controlling jurisprudence to the contrary. In the instant case, although some of Lenward Hebert's claims are related to the conditions of the Concordia Parish jail during the period of his confinement from March 22, 2003 to March 24, 2003, Mr. Hebert did not file suit until September 16, 2003. Because he was not a prisoner at the time of filing suit, neither 42 U.S.C. § 1997e(e) nor La. R.S. § 15:1184(E) bars Mr. Hebert, in the absence of a physical injury, from seeking damages for mental anguish or emotion distress.

For the foregoing reasons, the defendants' motion for partial summary judgment (Doc. 97) is DENIED.

SIGNED on this 14th day of April, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE